| | | | |
|---|---|---|---|
| Case No. | **2:19–cv-06938-JAK-SHK** | Date: | November 4, 2019 |
| Title: | *Eutimio Aispuro v. Dr. Dedlio, et al.* | | |

Present: The Honorable   Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Denying Request For Appointment of Counsel and Order To Show Cause Why Plaintiff's FAC Should Not Be Dismissed

## I.   BACKGROUND

On August 5, 2019, Plaintiff Eutimio Aispuro ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), constructively filed[1] a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against Dr. Dedilo, a Santa Barbara County Jail physician, and the Santa Barbara County Sheriff (collectively, "Defendants"), in their individual capacities. Electronic Case Filing Number ("ECF No.") 1, Compl. Plaintiff's allegations arose out of incidents he alleged occurred between August 2016-October 2017. Id. at 3.

On September 20, 2019, the Court issued an Order Dismissing Plaintiff's Complaint With Leave To Amend ("ODLA"). ECF No. 9, ODLA. The Court instructed Plaintiff that should he choose to amend and refile his Complaint, he should follow the instructions listed in Section IV of the ODLA. Id. at 10-12.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

On October 11, 2019, Plaintiff constructively filed a First Amended Complaint ("FAC"). ECF No. 10, FAC. In it, Plaintiff named Dr. Gustaveson, a Santa Barbara County Jail employee and medical doctor, in his individual and official capacity, as Defendant ("Dr. Gustaveson"). ECF No. 10, FAC. Plaintiff also requested that the Court appoint him counsel in this case. Id. at 6.

## II.　REQUEST FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in civil rights actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). A court has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 301-10 (1989). In exceptional circumstances, a court may request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1); see Mallard, 490 U.S. at 301-10. To decide whether "exceptional circumstances" exist, a court evaluates both the likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has not alleged changed circumstances since the Court's previous denial of request for appointment of counsel. See ECF No. 9, ODLA at 10. At this juncture in the case, the Court does not find that such exceptional circumstances exist to warrant appointment of counsel. The Court assures Plaintiff that it will liberally construe the pleadings and give Plaintiff the benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel, without prejudice.

## III.　FIRST AMENDED COMPLAINT

After reviewing Plaintiff's FAC, it appears that the incident from which the alleged rights violations stemmed is different than the incident described in the previous Complaint. See ECF Nos 1, 10.

The previous Complaint named Dr. Dedilo and the Santa Barbara County Sheriff as Defendants and detailed incidents that occurred between August 2016 and October 2017 after Plaintiff had a "lymphonic tumor" growing inside his "lower back area." ECF No. 1, Compl. at 3, 5. Conversely, in the FAC, Plaintiff named only Dr. Gustaveson as a Defendant and Plaintiff detailed an incident from May 11, 2018, wherein Plaintiff alleges that Dr. Gustaveson diagnosed Plaintiff with a "lipoma type tumor, caused by cancer" that left Plaintiff "in severe pain literally dying from blocked intestines . . . ." ECF No. 10, FAC at 1, 3, 5.

The Court is unsure whether Plaintiff wishes to dismiss his previously filed Complaint and file a new Complaint, or if he wishes to add Dr. Gustaveson to his original allegations. The Court is also unsure whether Plaintiff intended to dismiss Dr. Dedilo and the Santa Barbara County Sheriff from the action. However, as the Court instructed in the ODLA, Plaintiff must

allege all claims and defendants in any FAC filed and, also, **Plaintiff is not permitted to "include in the caption or body of the FAC any new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint."** ECF No. 9, ODLA at 11.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** "OSC" within fourteen (14) days from the date of this Order why Plaintiff's case should not be **DISMISSED** for failure to follow Court orders. Plaintiff can comply with this OSC by either (1) filing his FAC in the method described in Section IV of the ODLA, see ECF No. 9, ODLA, or (2) by responding to this OSC with an explanation of whether Plaintiff intends to stand by his initial Complaint [ECF No. 1] or to file a different cause of action. Plaintiff's failure to perform either action will result in a recommendation that this action be **DIMISSED**, without prejudice, for failure to prosecute and to follow Court Orders.

### IV.     CONCLUSION

After careful consideration, the Court **DENIES** Plaintiff's request for appointment of counsel, without prejudice. The Court further orders Plaintiff to **SHOW CAUSE** within fourteen (14) days from the date of this Order why Plaintiff's case should not be dismissed.

**IT IS SO ORDERED.**