UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTIMIO AISPURO,<br><br>                Plaintiff,<br><br>    v.<br><br>DR. DEDILO, et al.,<br><br>                Defendants. | Case No. 2:19-cv-06938-JAK-SHK<br><br>**ORDER DISMISSING CASE** |

For the following reasons, the case is **DISMISSED** without prejudice.

### I.    BACKGROUND

On January 21, 2020, Plaintiff Eutimio Aispuro ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a Second Amended Complaint ("SAC") against Defendants Doctor Gustaveson and Doctor Danilo C. Bernal (together, "Defendants"). Electronic Case Filing Number ("ECF No.") 14, SAC. On February 24, 2020, the Court issued a Report and Recommendation ("R&R"), recommending that Plaintiff's claims against Defendants in their official capacity

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

be dismissed with prejudice and without leave to amend. ECF No. 16, R&R at 9; ECF No. 20, Order Accepting R&R.

On April 8, 2020, the Court issued an order directing the SAC to be served by the United States Marshal Services ("USMS") on Defendants. ECF No. 21, Order re Service of Process; ECF No. 22, Order Directing Service by USMS. On June 9, 2020, USMS returned the process receipt, indicating that service was unexecuted for Defendants because the "address provided is for Santa Barbara Sheriffs" who could not accept service on behalf of Defendants. ECF Nos. 28-30.

In light of the inability to serve Defendants, on September 21, 2020, the Court ordered Plaintiff to show cause ("OSC") by October 19, 2020 why the case should not be dismissed for failure to serve and/or failure to prosecute. ECF No. 31, OSC. The Court stated that Plaintiff could satisfy the OSC by: (1) completing new USM-285 forms for Defendants, providing the required information in detail, and filing a Notice of Submission with the Clerk of Court; (2) voluntarily dismissing the cases without prejudice if Plaintiff no longer wished to pursue the case; or (3) requesting leave to conduct limited discovery in order to discover more particular and specific information regarding Defendants' addresses. Id. at 2. The Court warned Plaintiff that "**failure to timely comply with one of the options listed above may be deemed consent to the dismissal of this action.**" Id. (emphasis in original).

Plaintiff failed to timely satisfy the OSC, so on March 30, 2021, the Court again ordered Plaintiff to show cause ("Second OSC") by April 7, 2021, why the case should not be dismissed for "failure to serve Defendants, for failure to prosecute, and for failure to follow Court rules and orders." ECF No. 33, Second OSC at 2. The Court ordered that Plaintiff could satisfy the Second OSC by performing one of the three options provided in the previous OSC and warned again that "**failure to timely comply with this order will result in a recommendation that this action be dismissed, with or without prejudice, for**

| | |
|---|---|
| 1 | **failure to prosecute and/or failure to obey Court orders under Federal Rule of** |
| 2 | **Civil Procedure 41(b).**" Id. (emphasis in original). To date, Plaintiff has not |
| 3 | satisfied the OSC or Second OSC. |
| 4 | **II.    LEGAL STANDARD** |
| 5 | District courts have sua sponte authority to dismiss actions for failure to |
| 6 | prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. |
| 7 | Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. |
| 8 | U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an |
| 9 | action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's |
| 10 | failure to prosecute or comply with the Federal Rules of Civil Procedure or the |
| 11 | court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering |
| 12 | dismissal for failure to comply with court orders). |
| 13 | In deciding whether to dismiss for failure to prosecute or comply with court |
| 14 | orders, a district court must consider five factors: "(1) the public's interest in |
| 15 | expeditious resolution of litigation; (2) the court's need to manage its docket; |
| 16 | (3) the risk of prejudice to the defendants; (4) the public policy favoring |
| 17 | disposition of cases on their merits; and (5) the availability of less drastic |
| 18 | sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). |
| 19 | "Dismissal is appropriate 'where at least four factors support dismissal, or where at |
| 20 | least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19- |
| 21 | 09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting |
| 22 | Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal |
| 23 | citations omitted)). In a case involving sua sponte dismissal, however, the fifth |
| 24 | Henderson factor regarding the availability of less drastic sanctions warrants |
| 25 | special focus. Hernandez, 138 F.3d at 399. |
| 26 | **III.    DISCUSSION** |
| 27 | Here, the first two factors—public interest in expeditious resolution of |
| 28 | litigation and the Court's need to manage its docket—weigh in favor of dismissal. |

Despite being initially warned over seven months ago that this case may be dismissed for failure to respond to the OSC and then warned a second time five weeks ago that the case **will** be dismissed for failure to respond to the Court's Second OSC, Plaintiff has failed to respond to either OSC. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's OSC and Second OSC and he has not offered any excuse for his failure to comply with and respond in a timely manner. Thus, this prejudice element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite

the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

## IV. CONCLUSION

For the reasons discussed previously, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: May 10, 2021

JOHN A KRONSTADT
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge